# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 20-21595-GLT |
| Majestic Hills, LLC, | ) |
|     **Debtor,** | ) **Chapter** 11 |
| Majestic Hills, LLC, | ) |
|     **Movant,** | ) **Hearing Date:** 06/18/20 @ 10:00 a.m. |
|     vs. | ) **Response Due:** 06/08/20 |
| Mutual Benefit Insurance Company, | ) |
|     **Respondent.** | ) **Document No.** |

### ORDER (I) APPROVING THE ASSUMPTION OF THE SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE DEBTOR AND MUTUAL BENEFIT INSURANCE COMPANY, (II) APPROVING THE SALE OF CERTAIN INSURANCE POLICIES, AND (III) ISSUING AN INJUNCTION IN PURSUANT TO THE SALE OF CERTAIN INSURANCE POLICIES

Upon the *Debtor's Motion for an Order (I) Approving the Assumption of the Settlement Agreement and Release between the Debtor and Mutual Benefit Insurance Company, (II) Approving the Sale of Certain Insurance Policies, and (III) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies* (the "Motion")[1] and the Court having reviewed the Motion, the First Day Declaration, and the Mutual Benefit Settlement Agreement; and having heard the statements of counsel at the hearing on the Motion; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) notice of the Motion and the hearing thereon was sufficient under the circumstances; and (iii) the legal and factual bases set forth in the Motion, the First Day Declaration, and the Mutual Benefit Settlement Agreement establish just cause for the relief granted herein;

---

[1] As used in this order, "Mutual Benefit" means Mutual Benefit Insurance Company and its predecessors, successors, subsidiaries, affiliates, directors, officers, and representatives, including, without limitation. Other capitalized terms used but not defined in this order have the meanings given in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any and all objections to the Motion and to the relief requested therein and/or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

3. Pursuant to section 365 of the Bankruptcy Code, the Debtor shall be, and hereby is, authorized and empowered to assume the Mutual Benefit Settlement Agreement. The Mutual Benefit Settlement Agreement shall be deemed assumed upon entry of this Order

4. Pursuant to Bankruptcy Rule 9019, the Mutual Benefit Settlement Agreement and each of its terms and conditions, including the releases contained therein, shall be, and hereby are, approved in their entirety.

5. The Debtor shall be, and hereby is, authorized to undertake any transactions contemplated by the Mutual Benefit Settlement Agreement that remain uncompleted as of the date of this Order.

6. Upon the occurrence of the Payment Date, (a) Mutual Benefit shall be irrevocably released from (i) all claims by the Debtor under, arising out of, related to, and/or in connection with the Policies, and (ii) all extra-contractual claims arising out of, related to, and/or in connection with the Policies, and (b) all rights and obligations between the Debtor and Mutual Benefit in respect of the Policies shall be fully and finally extinguished. As a result, the Policies shall be terminated and of no force and effect and be exhausted in respect of all coverages thereunder.

7.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and empowered to sell, transfer, and convey the Policies to Mutual Benefit subject only to the terms and conditions in the Mutual Benefit Settlement Agreement. The Policies shall be deemed so conveyed to Mutual Benefit immediately upon payment in full of the Settlement Payment pursuant to the terms of the Mutual Benefit Settlement Agreement.

8.  Pursuant to section 363(f) of the Bankruptcy Code, the Debtor's sale of the Policies to Mutual Benefit shall constitute a valid, legal, and effective transfer, which shall vest Mutual Benefit with all right, title, and interest in and to the Policies free and clear of all liens, claims, encumbrances, and other interests of any person, including, but not limited to, all rights and interests of the Debtor, as well as JND, Parkridge, Joseph N. DeNardo (individually and doing business as JND Properties), Shari DeNardo, Ashwood Commons, LLC, and Ashwood Land Partners, L.L.P. (hereafter, the "Other Insureds"), any other person claiming by, though, or on behalf of the Debtor, any other insurer, any holder of any Claim against the Debtor, whether arising prior to or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, interests in the Policies that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of the estate or Mutual Benefit, as the case may be, in the Policies).

9.  Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, all persons who hold or assert, or may in the future hold or assert, any claim against the Debtor or the Other Insureds arising out of or in connection with the activities covered by the Policies, or in connection with the Debtor's or the Other Insured's activities giving rise

to claims made or to be made under the Policies, or any other person who may claim to be an insured, additional insured, or otherwise entitled to any benefit under the Policies, shall be and hereby are permanently stayed, restrained, and enjoined from asserting any claim or right to entitlement, or taking any other action against Mutual Benefit for the purpose of obtaining any recovery or other relief from Mutual Benefit or under or in connection with the Policies.

10. The releases in the Mutual Benefit Settlement Agreement and the policy buyback therein comply with the Bankruptcy Code and applicable non-bankruptcy law.

11. Mutual Benefit Insurance Company is a good-faith purchaser of the Policies and is entitled to, and hereby is granted, all of the protections provided to good faith purchasers under section 363(m) of the Bankruptcy Code.

12. The transactions contemplated by the Mutual Benefit Settlement Agreement shall not be subject to avoidance under section 363(n) of the Bankruptcy Code. All persons shall be and hereby are enjoined from commencing or continuing an action seeking relief under section 363(n) of the Bankruptcy Code with respect to the Mutual Benefit Settlement Agreement and the transactions contemplated thereby.

13. The sale of the Policies to Mutual Benefit under the Mutual Benefit Settlement Agreement will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the Commonwealth of Pennsylvania.

14. The Debtor shall use the Settlement Payment solely to make payments to or for the benefit of holders of Claims and for other costs and expenses associated with this Chapter 11 Case.

15. This Order shall be binding upon the Debtor, Mutual Benefit, the Other Insureds all holders of claims against the Debtor, all insurers who received notice of the Motion, all other persons and entities receiving notice as set forth in the Motion, the respective successors and assigns of each person referred to in this paragraph, and any chapter 11 trustee, liquidating trustee, or other trust or distribution vehicle established under a chapter 11 plan of the Debtor, and on any chapter 7 trustee if this Chapter 11 Case is converted to a chapter 7 proceeding.

16. Each of the Parties hereby is authorized to take all actions and execute all documents and instruments that it deems necessary or appropriate to implement and effectuate the transactions contemplated by the Mutual Benefit Settlement Agreement.

17. Mutual Benefit is not, and shall not be deemed to be, a successor to the Debtor by reason of any theory of law or equity or as a result of the consummation of the transactions contemplated in the Mutual Benefit Settlement Agreement.

18. This Court shall retain jurisdiction to interpret and enforce the provisions of the Mutual Benefit Settlement Agreement and this Order in all respects and further to hear and determine any and all disputes relating to the Mutual Benefit Settlement Agreement between the Parties or between a Party and any other person; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Mutual Benefit

Settlement Agreement or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.  In the event this Chapter 11 Case has been closed, there shall be cause to have this Chapter 11 Case reopened upon motion or application for such purposes.

19. Counsel for the Debtor shall serve a copy of this order on the Master Service List and file a certificate of service within three business days of entry of this order.  Notice of the order by ECF or email shall constitute good and sufficient notice of the order.

Dated: _____, 2020

_____
**Honorable Gregory L. Taddonio**
**United States Bankruptcy Judge**