**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| MAJESTIC HILLS, LLC, | : | Case No.: 20-21595-GLT |
| Debtor. | : | Related Document No. 7 |
| _____ | : | |
| MAJESTIC HILLS, LLC, | : | |
| Movant, | : | |
| vs. | : | |
| NVR, INC. AND NORTH STRABANE TOWNSHIP, | : | |
| Respondents. | : | |

_____

**JOINT OBJECTION OF NVR, INC. AND NORTH STRABANE TOWNSHIP
TO MOTION TO EMPLOY CALAIARO VALENCIK AS COUNSEL
TO THE DEBTOR AND DEBTOR-IN-POSSESSION, NUNC PRO TUNC
AS OF THE PETITION DATE**

Creditors NVR, Inc. d/b/a Ryan Homes ("NVR") and North Strabane Township ("Township," and together with NVR, collectively, "Creditors"), by and through their undersigned counsel, Porter Wright Morris & Arthur LLP, jointly object to the employment of the law firm Calaiaro Valencik as counsel to Debtor and Debtor-In-Possession Majestic Hills, LLC ("Debtor"), and state the following in support:

**BACKGROUND**

1. On May 21, 2020, Debtor filed a Chapter 11 bankruptcy petition commencing the present case. Contemporaneously with the commencement of the bankruptcy case, Debtor has sought to approve a settlement agreement with Mutual Benefit Insurance Company ("Mutual Benefit") in exchange for the payment of $1,000,000.00 [Doc. 10], and the settlement agreement

with Westfield Insurance Company ("Westfield") in exchange for payment of $400,000.00 [Doc. 12] (collectively, the "Settlement Motions").

2. Creditors have filed objections to the Settlement Motions, which provide detailed information concerning the background concerning the relationship of the parties. [Doc. 62 and Doc. 68].

3. On May 21, 2020, Debtor filed a motion to employ Calaiaro Valencik as counsel to the Debtor and Debtor-in-Possession, *nunc pro tunc*, as of the petition date ("Motion").

4. The Motion states that "prior to the bankruptcy, Debtor entered into negotiations with its insurance carriers to try and achieve the framework of a Chapter 11 plan of reorganization."

5. Debtor's insurance carriers include Mutual Benefit and Westfield.

6. Debtor's Motion describes the professional services to be rendered by Donald R. Calaiaro and the law firm of Calaiaro Valencik as, generally, "representat[ion] *** during the bankruptcy proceedings."

7. The Motion discloses no connections between Debtor's proposed counsel and itself, Debtor's creditors, Debtor's members, or any other party in interest, including its insurance carriers, other than in footnote 2, which admits that Calaiaro Valencik received payment for Debtor's prepetition services in the amount of "$5,000.00 paid by the Debtor and $50,000 paid by Mutual Benefit Insurance Company as part of a settlement agreement on behalf of the Debtor to cover prepetition expenses."

8. A verified statement, signed under oath by Donald Calaiaro, was attached to the Motion.

9. The verified statement states that "we have been hired by the Debtor," that "we hold no interest adverse to the estate," and "that we are disinterested persons as defined in 11 § U.S.C. § 101(14)."

10. In the disclosure of compensation, Calaiaro Valenick indicates that actually $5,000 of the compensation had been paid by Joe DeNardo, not Debtor. [Doc. 22].

11. Other than Mutual Benefit's payment to the law firm of Calaiaro Valencik, the verified statement does not disclose any connections between Debtor's proposed attorney and the Debtor, its creditors, its owners, or any other party in interest, including Debtor's insurance carriers.

12. Upon information and belief, Creditors aver that Debtor's insurance carriers are orchestrating the strategy of Debtor's Chapter 11 filing and payment to Calaiaro Valencik by Mutual Benefit. These insurance companies are misusing Chapter 11 to pay only a fraction of their policy limits and to shield non-Debtor parties that will pay nothing to creditors from liability in multiple lawsuits.

13. In Debtor's petition and schedules, Debtor has listed Mutual Benefit as one of its twenty largest unsecured creditors, with the amount contingent, unliquidated and disputed. [Doc. 1]. Debtor also lists as an asset the potential insurance claim against Mutual Benefit in the sum of $1,000,000.00. [Doc. 1]. As such, Debtor's proposed counsel has been paid its retainer by a large creditor in this bankruptcy proceeding.

## ARGUMENT

14. Pursuant to § 327(a) of the Bankruptcy Code, a Debtor-In-Possession may hire one or more attorneys as Debtor's counsel "that do not hold or represent an interest adverse to the estate, and that are disinterested persons."

15. Section 101(14)(A) of the Bankruptcy Code defines "disinterested person" as someone who "is not a creditor, an equity security holder, or an insider."

16. To the extent that Debtor's insurance policy limits are recoverable by Debtor's estate, Debtor's bankruptcy estate and its insurance carriers, including Mutual Benefit, are adverse to each other.

17. Debtor's proposed counsel has received funds from a creditor in Debtor's bankruptcy proceeding, and therefore Debtor's proposed counsel does not have undivided loyalty.

18. Therefore, the relationship between Calaiaro Valencik and Mutual Benefit is an actual conflict of interest and disqualifies Calaiaro Valencik from representing Debtor pursuant to 11 U.S.C. § 327.

19. Furthermore, to the extent that Calaiaro Valencik is currently representing the interests of Debtor's insurance carriers, or being paid by the insurance carriers, Donald R. Calaiaro and the law firm of Calaiaro Valencik are not disinterested and are not qualified to represent Debtor.

20. Bankruptcy Rule 2014 provides that an application for employment of an attorney and the accompanying verified statement must disclose the subject counsel's "connections with the debtor, creditors, [and] any other party in interest."

21. By failing to completely disclose their connections with interested parties—Debtor's insurance carriers and Joe DeNardo—Debtor's Motion should be denied.

## CONCLUSION

WHEREFORE, Creditors request that the Court: (1) deny Debtor's motion to employ Calaiaro Valencik as counsel to the Debtor and Debtor-in-Possession, *nunc pro tunc*, as of the petition date, and (2) provide such further relief as the Court deems appropriate.

Date:  June 8, 2020

Respectfully submitted,

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher
Pa. I.D. No. 37950
Russell D. Giancola
Pa. I.D. No. 200058

**PORTER WRIGHT MORRIS & ARTHUR LLP**
6 PPG Place, Third Floor
Pittsburgh, PA 15222 / (412) 235-4500
kgallagher@porterwright.com
rgiancola@porterwright.com

Tami Hart Kirby
*Admitted pro hac vice, ECF. No. 33*
**PORTER WRIGHT MORRIS & ARTHUR LLP**
One South Main Street, Suite 1600
Dayton, Ohio 45402
(937) 449-6721
tkirby@porterwright.com

*Counsel for NVR, Inc. d/b/a Ryan Homes and North Strabane Township*