# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 20-21595-GLT |
| | ) |
| **Majestic Hills, LLC,** | ) Chapter 11 |
| | ) |
| Debtor, | ) |
| | ) |
| **NVR, Inc. d/b/a Ryan Homes,** | ) |
|       Plaintiff, | ) Adv. Pro. No. 20-2084-GLT |
| v. | ) |
| **Majestic Hills, LLC,** *et al.*, | ) |
|       Defendants, | ) |
| | ) |
| **Douglas E. Grimes and** | ) |
| **Suzanne M. Grimes,** | ) Adv. Pro. No. 20-2088-GLT |
|       Plaintiffs, | ) |
| v. | ) |
| **Majestic Hills, LLC,** *et al.*, | ) |
|       Defendants, | ) |
| | ) |
| **Christopher Phillips and** | ) |
| **Elizabeth Phillips,** | ) Adv. Pro. No. 20-2089-GLT |
|       Plaintiffs, | ) |
| v. | ) |
| **Majestic Hills, LLC,** *et al.*, | ) |
|       Defendants, | ) |
| | ) |
| **Christopher Phillips and** | ) |
| **Elizabeth Phillips,** | ) Adv. Pro. No. 20-2090-GLT |
|       Plaintiffs, | ) |
| v. | ) |
| **NVR, Inc. d/b/a Ryan Homes,** *et al.*, | ) |
|       Defendants, | ) |
| | ) |
| **Jeanne Hecht,** | ) |
|       Plaintiff, | ) Adv. Pro. No. 20-2091-GLT |
| v. | ) |
| **Majestic Hills, LLC,** *et al.*, | ) |
|       Defendants, | ) |
| | ) |
| **Jeffrey Swarek and** | ) |
| **Christine Swarek,** | ) Adv. Pro. No. 20-2092-GLT |
|       Plaintiffs, | ) |
| v. | ) |
| **Majestic Hills, LLC,** *et al.*, | ) |
|       Defendants, | ) |

|  |  |
|---|---|
| **Brian Sanders, Jessica Sanders,** | ) |
| **Rajiv Bhatt, and Namrata Bhatt,** | ) **Adv. Pro. No. 20-2093-GLT** |
| v. | ) |
| **NVR, Inc. d/b/a Ryan Homes,** *et al.***,** | ) |
| Defendants, | ) |
|  | ) |
| **North Strabane Township,** | ) |
| Plaintiff, | ) **Adv. Pro. No. 20-2094-GLT** |
| v. | ) |
| **Majestic Hills, LLC,** *et al.***,** | ) |
| Defendants, | ) |
|  | ) |

### RESPONSE TO EXPEDITED MOTION TO REQUEST A STATUS CONFERENCE TO BE HELD ON AN EXPEDITED BASIS

AND NOW, comes Parkridge Development LLC ("Parkridge"), by and through its undersigned legal counsel, and files this Response To Expedited Motion To Request A Status Conference To Be Held On An Expedited Basis by the above-captioned Debtor[1] (the "Motion"), and in support thereof avers as follows:

### I. INTRODUCTION

As a preliminary matter, Parkridge does not object to the expedited hearing or the entry of an agreeable consent order regarding discovery. Rather, as set forth more fully below, Parkridge objects to the imposition of inappropriate financial disclosures unilaterally demanded by one party against Parkridge but not imposed against all other parties.

Parkridge is a former member of debtor Majestic Hills, LLC ("Majestic Hills"), having been only recently named as a party defendant in one of the numerous lawsuits now before this Court. Parkridge intends to participate in good faith in the Court ordered mediation and has agreed to almost the entirety of the proposed "consent order" regarding pre-mediation

---

[1] Capitalized terms used but not specifically defined herein shall be given the meanings ascribed to such terms in the Motion.

2

disclosures and limited discovery. Parkridge does not consent to an unreasonable disclosure requirement apparently being pushed by one defendant, which would require onerous financial disclosures from Parkridge – a requirement not supported by law, not shared equally among the many defendants and not necessary for a successful mediation.

## II.    BACKGROUND

Parkridge is a former member of Majestic Hills having sold its membership interest back to Majestic Hills in 2017. Parkridge has been barely involved in the various lawsuits which have been filed against Majestic Hills and the various other defendants. Indeed it was not named as a defendant by any party in any of the numerous lawsuits until December 2019, when it was added as a defendant in a Second Amended Complaint in the state court action removed to this Court at Adv. Pro. No. 20-2089-GLT (the "Phillips Adversary Proceeding"). Parkridge was not served with this Second Amended Complaint nor had it accepted service prior to Majestic Hills filing bankruptcy nor was Parkridge served with the notice of removal or other filings in the Philips Adversary Proceeding. Parkridge did not have the opportunity to respond to the Complaint (suffice it to say the allegations are wildly inaccurate and legally deficient) nor had it engaged in any of the massive amount of discovery which had taken place federal court case in which NVR is the plaintiff. Significantly, Parkridge had not been made a party to the federal court action filed by NVR, which had been litigated for over a year. In short, Parkridge is an afterthought defendant, at best.

Around the time Majestic Hills initiated this bankruptcy action, its counsel contacted counsel for Parkridge and indicated he was negotiating an agreement with Majestic Hills' insurers Mutual Benefit Insurance Company and Westfield Insurance Company which involved the insurers agreeing to pay policy proceeds into the estate, and not pursue actions for declaratory judgment for declarations they had no duty to defend or indemnify Majestic Hills.

Counsel for Parkridge was advised that the insurers required Parkridge to sign off on the settlement because of its status as a former member, with a possible claim for a defense and indemnification under the policies at issue.  After review and with the belief that it was the best course of action not to stand in the way of the proposed settlement, Parkridge consented that it go forward.

Recently, the Court has ordered that all of the parties participate in a mediation and develop an agreed to format for pre-mediation disclosures and some form of limited discovery. Counsel for Parkridge attended the meet and confer call regarding pre-mediation disclosures and discovery, and heard nothing relative to Parkridge being subject to any type of financial disclosure.  Indeed, a draft "Consent Order" was circulated and similarly did not require financial disclosures from Parkridge.  Subsequently, a revised consent order was circulated with text containing a legally unsupportable requirement that:

> (6) a written representation by each of JND Properties, Inc., JND Properties, LLC and Park Ridge, LLC that each have assets available to satisfy a judgment that exceeds $10 million or, if less than $10 million, current financial documentation, including but not limited to, a statement of assets and liabilities, balance sheet, profit & loss, cash flow statement, and/or other similar financial documentation, that evidences JND Properties, Inc.'s, JND Properties, LLC's and Park Ridge, LLC's current financial/economic condition, with the Parties' understanding that JND Properties, Inc., JND Properties, LLC and Park Ridge, LLC will only be required to provide such representation and/or financial documentation to those Parties who execute an appropriate NDA (which NDA shall provide for the disclosure/use of said representation and/or financial documentation at mediation at the mediator's discretion) and agree that said information shall be considered Confidential Information;

This language as it relates to Parkridge was never discussed with Counsel for Parkridge and never agreed to. It is counsel for Parkridge's understanding this requirement is being pushed by counsel for NVR, a defendant in the many state court cases and a plaintiff in a federal court case.  NVR never sued Parkridge and never attempted to add Parkridge as an additional defendant in any of the numerous cases in which it is a party.  Parkridge has indicated its

agreement to the entirety of the proposed consent order with the exception of its objection to the financial disclosure obligation which is not applied equally to all party defendants.

### III.    ARGUMENT

The financial disclosures which NVR is demanding Parkridge (and not all other defendants) make would not be discoverable in litigation and are not necessary for a successful mediation. Essentially, what the proposed disclosure requirement seeks is discovery in executing upon a judgment.

Under both Federal and Pennsylvania law, discovery of assets and other financial discovery is characterized as discovery in aid of execution, and is not typically permitted until judgment has been entered. F.R.C.P. 69; *see ITOCHU Int'l, Inc. v. Devon Robotics*, LLC, 303 F.R.D. 229 (E.D. Pa. 2014) (discussing post-judgment asset discovery under Rule 69); *see also* Pennsylvania Rules of Civil Procedure, Rule 3117. Pennsylvania courts have held that parties have privacy interests in their financial information, which raises public policy concerns. *Linde v. Linde*, 2019 P.A. Super 331, 222 A.3d 776 (2019). Consequently, Pennsylvania federal courts have not permitted discovery of assets to go forward in the absence of a judgment. *See Victor v. Lawler*, No. 3_08-CV-1374, 2011 BL 446303 (M.D. Pa. May 25, 2011) (holding that the plaintiff's request for a preliminary injunction to identify assets was premature and speculative absent a judgment and finding that "in short, these issues must await the litigation of the merits of this case"); *see also Kontonotas v. Hygrosol Pharmaceutical Corp.*, CIVIL ACTION NO. 07-4989., 2009 BL 130663 (E.D. Pa. June 18, 2009) (denying a motion to compel discovery seeking information related to loans, tax returns, bank account monthly statements, and stock ownership, but noting that such discovery could possibly be permitted in aid of execution of a judgment, if one was obtained); *see also Mobile Transp. Techs., Inc. v. S.I. Scooterworks LLC*, 176 F. Supp. 2d 340 (E.D. Pa. 2001) (staying discovery in aid of execution upon reopening the judgment); *see*

*also Farkas v. Rich Coast Corp.*, No. 1_14-CV-272, 2017 BL 464094 (M.D. Pa. Dec. 28, 2017) (holding that asset discovery was premature and presumptuous).

Simply put, there is no legal basis for the inclusion of the disclosure requirement insisted upon by one party. This information would not be obtainable via discovery in the federal court action or any of the state court actions. Additionally, the disclosure requirement is all the more unreasonable in light of the fact that 1) it is not applicable equally to all defendants; 2) it is not a priority to the majority of the parties and 3) it is completely unnecessary for a mediation; (4) it was not discussed with Parkridge at the meet and confer and (5) Parkridge is an afterthought defendant in only one of the many cases and has not even been served in any adversary proceeding or underlying case.

## IV.    CONCLUSION

Wherefore, Parkridge respectfully requests that this Honorable Court deny any effort to impose financial disclosure requirements on Parkridge and enter an Order substantially in the form attached hereto.

Date:  September 10, 2020            BUCHANAN INGERSOLL & ROONEY PC

By:    */s/ Zakarij O. Thomas*
Zakarij O. Thomas (PA Id. No. 87385)
William J. Moorhead, Esq. (PA Id. No. 52761)
Union Trust Building
501 Grant Street
Suite 200
Pittsburgh, PA 15219
Tel:  (412) 562-8800
Fax:  (412) 562-1041

*Counsel for Parkridge Development LLC*