# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 20-21595-GLT |
| | ) |
| Majestic Hills, LLC, | ) **Chapter** 11 |
| | )   Related Dkt. No. 161 |
| **Debtor,** | ) |
| _____ | ) |
| NVR, Inc. d/b/a Ryan Homes, | ) |
| **Plaintiff,** | ) **Adv. Pro. No.** 20-2084-GLT |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Douglas E. Grimes and | ) |
| Suzanne M. Grimes, | ) **Adv. Pro. No.** 20-2088-GLT |
| **Plaintiffs,** | ) |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Christopher Phillips and | ) |
| Elizabeth Phillips, | ) **Adv. Pro. No.** 20-2089-GLT |
| **Plaintiffs,** | ) |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Christopher Phillips and | ) |
| Elizabeth Phillips, | ) **Adv. Pro. No.** 20-2090-GLT |
| **Plaintiffs,** | ) |
| v. | ) |
| NVR, Inc. d/b/a Ryan Homes, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Jeanne Hecht, | ) |
| **Plaintiff,** | ) **Adv. Pro. No.** 20-2091-GLT |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |

1

| | |
|---|---|
| Jeffrey Swarek and<br>Christine Swarek,<br>    **Plaintiffs,**<br>v.<br>Majestic Hills, LLC, *et al.*,<br>    **Defendants,**<br>_____ | )<br>) **Adv. Pro. No.** 20-2092-GLT<br>)<br>)<br>)<br>)<br>) |
| Brian Sanders, Jessica Sanders,<br>Rajiv Bhatt, and Namrata Bhatt,<br>v.<br>NVR, Inc. d/b/a Ryan Homes, *et al.*,<br>    **Defendants,**<br>_____ | )<br>) **Adv. Pro. No.** 20-2093-GLT<br>)<br>)<br>)<br>) |
| North Strabane Township,<br>    **Plaintiff,**<br>v.<br>Majestic Hills, LLC, *et al.*,<br>    **Defendants,**<br>_____ | )<br>) **Adv. Pro. No.** 20-2094-GLT<br>)<br>)<br>)<br>)<br>) |

**MODIFIED ORDER: (I) DIRECTING MEDIATION; (II) ESTABLISHING MEDIATION PLAN AND PROCEDURES, INCLUDING LIMITED PRE-MEDIATION DISCOVERY; AND (III) IMPLEMENTING A STAY OF PROCEEDINGS PENDING MEDIATION**

On August 6, 2020, the parties in each of the above captioned Adversary Proceedings (the "Adversary Proceedings") and the Official Committee of Unsecured Creditors (the "Committee", and together with the parties, the "Parties"), collectively, met and conferred on a conference call to discuss the terms and conditions of a joint plan for mediation and certain, related discovery. The Parties concluded the conference call by agreeing on several terms outlined in this Consent Order. Thereafter, on September 11, 2020, this Court conducted a status conference to address certain other contemplated terms the Parties were unable to agree on. It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the following terms are reasonable and shall govern the pre-mediation and mediation process:

a) **SCOPE OF PRE-MEDIATION DISCOVERY** Limited discovery will be permitted among the Parties and their insurers to facilitate a possible resolution of any of the pending claims and disputes among the Parties and among the Parties and their insurers.[1] The discovery is abbreviated and must be completed promptly to have a successful mediation. In light of the intended purpose, **the discovery is limited to the** ***documentation and other information needed for the mediation and not general discovery*** **in the respective Adversary Proceedings.**

        1.      Prior to providing responses to discovery requests (including, but not limited to, producing documents responsive thereto), including the Initial Disclosures (defined below), that a Party(ies) or its(their) insurer(s) asserts are privileged, confidential and/or protected information that would otherwise not be discoverable in any underlying litigation pursuant to applicable Local and Federal Rules of Bankruptcy Procedure and Evidence or applicable State Rules of Civil Procedure or Evidence, a responding Party(ies) or insurer(s) may request the receiving Parties to agree that the providing of such responses (or documents) is being done so on a confidential basis and that the responses (or documents) are otherwise protected by applicable Local and Federal Bankruptcy Rules or State

---

[1] The issues surrounding the Debtor's, other non-debtor parties', and Mutual Benefit Insurance Company's ("Mutual Benefit") and Westfield Insurance Company's ("Westfield") respective rights and obligations in and relating to the Mutual Benefit and Westfield insurance policies and coverage provided thereunder, if any, are the subject of the pending contested *Motion for an Order (i) Approving the Assumption of the Settlement Agreement and Release Between the Debtor and Mutual Benefit Insurance Company, (ii) Approving the Sale of Certain Insurance Policies, and (iii) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies*, and *Motion for an Order (i) Approving the Assumption of the Settlement Agreement and Release Between the Debtor and Westfield Insurance Company, (ii) Approving the Sale of Certain Insurance Policies, and (iii) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies See* Bankruptcy Case Doc. Nos. 10 and 12. Accordingly, the Parties have agreed that Mutual Benefit and Westfield are not subject to any of the terms of this Order, except with respect to the attendance obligations in (h) and (i) herein. The rights of all Parties, including without limitation rights to discovery with respect to these proposed settlements, under the Federal and Local Bankruptcy laws and rules governing contested matters and bankruptcy cases generally, are reserved and otherwise will not be prejudiced by this Order.

Rules governing discovery, evidence and mediation, including but not limited to, W.PA.LBR 9015-5 and F.R.E. 408 (the "Confidential Information"). If a receiving Party(ies) agrees that the response(s) (or document(s)) is/are Confidential Information, the response(s) (or document(s)) shall be appropriately marked and served upon the agreeing receiving Party(ies). If a receiving Party(ies) does not agree the documentation or information requested is Confidential Information, the responding Party(ies) shall provide responses to the non-agreeing receiving Party(ies) in accordance with applicable Local and Federal Rules of Bankruptcy Procedure or State Rules of Civil Procedure or Evidence governing discovery and all rights of the responding Party(ies) or insurer(s) and non-agreeing Party(ies) to object to the discovery or to compel the discovery, as the case may be, are preserved and reserved. Any documentation or other information provided during pre-mediation discovery to a receiving Party(ies) who agrees that said information is Confidential Information shall not be admitted into evidence by that Party(ies) in any proceeding without further ruling by this or any other Court as to the confidentiality, discoverability, and/or admissibility in any underlying or other proceedings.

    2. Any documentation or information that is marked Confidential Information shall not be placed into the Secure Drop Box (defined below) and shall be served by the responding Party or insurer directly upon those Parties who agree the information is Confidential Information.

    **b)** **PRE-MEDIATION DISCLOSURES:** In order to prevent Parties from engaging in unnecessary pre-mediation discovery and to promote efficiency, all Parties

4

shall prepare and exchange (in the nature of a F.R.B.P. 7026 Disclosure) the following information and documentation (whether electronically stored or otherwise):

      1.    Copies of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or any underlying action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, all commercial general liability, directors' and officers', professional liability/errors and omissions, and other insurance policies covering the policy period January 1, 2005 to present as well as any other insurance policies potentially triggered by the by the underlying litigation and/or the claims that are the subject of the above Adversary Proceedings, whether such policies are primary, umbrella, or excess (the "Policies");

      2.    Copies of all non-privileged correspondence or other communications with an insurer that issued one or more of the Policies that in any way relates to, concerns, or involves the underlying litigation, the claims that are the subject of the above Adversary Proceedings, and/or coverage therefor, including but not limited to, tender letters, notices of claims, reservation of rights letters, declination of coverage letters, and any other coverage correspondence;

      3.    Copies of all expert, engineering, scientific, or other report, communication, or correspondence concerning the alleged property damage at issue, the landslide(s), cracking foundations, etc., including any such report, communication, or correspondence addressing onset, causation, progression, discovery, timing, etc. of such damage, landslide(s), foundations cracks, etc.;

        4.        An itemized summary of the claimed damages suffered, or any additional damages expected to be claimed at any time, and any documents supporting the same;

        5.        Copies of all non-privileged documents and communications reviewed, analyzed, exchanged, or relied upon by any party in entering into any settlement agreement concerning, relating to, or involving the underlying litigation, the claims that are the subject of the Adversary Proceedings, insurance coverage therefor, and/or the Policies, including, but not limited to, any settlement concerning, involving, or relating to the Debtor and either of Mutual Benefit Insurance Company and Westfield Insurance Company;

        6.        A written representation by JND Properties, LLC that it has assets available to satisfy a judgment that exceeds $10 million or, if less than $10 million, current financial documentation, including but not limited to, a statement of assets and liabilities, balance sheet, profit & loss, cash flow statement, and/or other similar financial documentation, that evidences JND Properties, LLC's current financial/economic condition, with the Parties' understanding that JND Properties, LLC will only be required to provide such representation and/or financial documentation to those Parties who execute an appropriate non-disclosure agreement ("NDA") (which NDA shall provide for the disclosure/use of said representation and/or financial documentation at mediation at the mediator's discretion) and agree that said information shall be considered Confidential Information;

7. A written representation by each of Shari DeNardo and Joseph DeNardo that each have assets available to satisfy a judgment that exceeds $10 million or, if less than $10 million, current financial documentation, including but not limited to statements of assets and liabilities, balance sheet, profit & loss, cash flow statement, and/or other similar financial documentation, that evidences Shari DeNardo's and Joseph DeNardo's current financial/economic condition, with the understanding this representation and/or financial documentation shall only be provided to the mediator at least ten (10) days before the scheduled mediation and can be used and/or disclosed at the mediation by the mediator in his or her discretion; and

8. Any agreements or other arrangements and related documents by and among the Parties that could impact global mediation and/or resolution of all claims (items 1-8 collectively, the "Initial Disclosures").

The Initial Disclosures shall be submitted to both counsel for the Debtor and counsel for the Committee in a format that is able to be uploaded into a secured, electronic document storage program (the "Secure Drop Box"). Once the Initial Disclosures are uploaded, and consistent with paragraph a)(1) above, counsel for each Party will receive a secured link to access all the documents uploaded by all Parties. Attached hereto and marked as Exhibit A is a list of Parties' counsel who will be entitled to receive a secure link to the document storage program with an email address to which the secure link will be emailed. **Initial Disclosures shall be submitted as soon as possible, but no later than fourteen (14) days after entry of this Order**.

      **c)**    **ADDITIONAL DISCLOSURES** After receipt and review of the Initial Disclosures pursuant to paragraph b)(1) – (5) and (8) above, any Party(ies) who believes it is necessary for any other Party(ies) to provide the same financial Initial Disclosures required of JND Properties, LLC and Joseph and Shari DeNardo set forth in paragraph b)(6) and (7) above, shall meet and confer with such Party(ies) for the purpose of attempting to reach agreement on said disclosures.  If said Parties cannot agree on the providing of the financial Initial Disclosures, the Party seeking additional disclosures may motion this Court on an expedited basis to schedule an expedited status conference to address whether it is necessary and appropriate for the Disclosing Party to provide the financial Initial Disclosures.

      **d)**    **ADDITIONAL PRE-MEDIATION DISCOVERY:** In accordance with subparagraph a) above and only to the extent reasonably necessary to allow each Party to fully and meaningfully participate in a global mediation session, a Party may serve additional discovery requests on any other Party or insurer seeking additional information or documentation.  Responses and documentation responsive to any such requests provided by any Party or any insurer shall be served on all Parties.  Such responses and documentation shall be served by email upon each Party's counsel identified in Exhibit A at the email address listed thereon.

      **e)**    Any additional pre-mediation discovery requests shall be submitted no later than **twenty-one (21) days after entry of this Order**.

      **f)**    Any written responses to the additional pre-mediation discovery requests, and documents responsive to such requests, shall be provided **no later than fifteen (15) days after service of additional pre-mediation discovery requests**.  For

8

purposes of this paragraph, service of additional pre-mediation discovery requests via electronic mail shall constitute sufficient service.

        **g)**    **DEPOSITIONS:** Only to the extent reasonably necessary to allow each Party to fully and meaningfully participate in a global mediation session, a Party may request a deposition of another Party or of any Party's insurer(s). Any Party who desires to schedule a deposition shall meet and confer with the deponent or deponent's counsel to arrange for and schedule said deposition by telephonic or video conference, or other similar, electronic means. Unless otherwise ordered by this Court, any deposition must be completed by October 30, 2020.  Notice of the time, date, and manner by which the deposition will be taken must be served to all Parties.  All Parties must be afforded the opportunity to attend such deposition either by telephone or video conference, or by other similar electronic means, and any scheduled deposition must provide the means/capabilities by which Parties may participate telephonically, by video conference or by other similar electronic means.

        **h)**    **JUDICIAL MEDIATION:** Subject to the other Bankruptcy Judge's in this District willingness and availability to act as a Judicial Mediator, a Judicial Mediation in which one of the other Bankruptcy Judges in this District will preside over shall be scheduled as soon as practicable starting November 9, 2020 , but no later than November 20, 2020. All Parties, their representative with authority to settle, and their counsel and a representative of their insurer(s) must attend the mediation and participate in good faith. If the mediator decides to proceed with any part of this mediation process in person, then any person may opt to attend remotely at his or her discretion if the person (a) is subject to a COVID-19 travel restriction, (b) is subject to a government-imposed COVID-19

restriction that prevents traveling to the mediation, (c) has a health related condition that prevents them from in-person attendance, or (d) at least five (5) days prior to the mediation, the person informs the mediator that due to COVID-19 related issues the person will attend the mediation via remote means. All Local and Federal Rules of Bankruptcy Procedure, including but not limited to, W.PA.LBR 9019-2 through 9019-7 shall govern the mediation.  This Court shall endeavor to schedule such a Judicial Mediation and will notify the Parties who the mediator will be and when the mediation will occur.

    **i)**  **NON-JUDICIAL MEDIATION:** In the event the other Bankruptcy Judges in this District are either unwilling or unavailable to conduct a Judicial Mediation during the timeframe set forth above in subparagraph h), the Parties shall meet and confer and select a Mediator and an alternate Mediator from the Bankruptcy Mediation Program Register list maintained by the Clerk's office pursuant to W.PA LBR 9019-3 and file with the Court a Notice of Appointment within seven (7) calendar days of being notified by this Court that a Judicial Mediation will not take place.  If the parties are unable to agree upon a Mediator and file a Notice of Appointment within the aforementioned seven (7) calendar day deadline, this Court shall appoint the Mediator (and may appoint an alternate Mediator) from the Bankruptcy Mediation Program Register list.  The mediation shall be scheduled as soon as practicable starting November 9, 2020, but no later than November 20, 2020. All Parties, their representative with authority to settle, and their counsel and a representative of their insurer(s) must attend the mediation and participate in good faith. If the mediator decides to proceed with any part of this mediation process in person, then any person may opt to attend remotely at his or her discretion if the person (a) is subject

to a COVID-19 travel restriction, (b) is subject to a government-imposed COVID-19 restriction that prevents traveling to the mediation, (c) has a health related condition that prevents them from in-person attendance, or (d) at least five (5) days prior to the mediation, the person informs the mediator that due to COVID-19 related issues the person will attend the mediation via remote means. All Local and Federal Rules of Bankruptcy Procedure, including but not limited to, W.PA.LBR 9019-2 through 9019-7 shall govern the mediation. Pursuant to W.PA.LBR 9019-3(o), the Parties shall share equally the fees and expenses of the Mediator. The Debtor's and Committee's portion of the Mediation fees and expenses shall be an allowable super-priority administrative expense without further order of this Court.

**j)** **FORM AND MANNER OF MEDIATION:** Given the number of parties involved, the Parties shall meet and confer with the Mediator (whether Judicial or otherwise) to discuss and agree on the appropriate accommodations and form by which the Mediation will be conducted (i.e. in person, video/telephonic conference or both).

**k)** **PROCEEDINGS STAYED:** Except for Adversary Proceeding No. 20-02084, and until further order of this Court, ALL proceedings in and relating to the above captioned Adversary Proceedings are stayed pending the outcome of the mediation.

**l)** Notwithstanding anything in this Order to the contrary, the mediator shall have full and complete authority to establish and conduct the mediation in any manner he deems appropriate.

The Court made modifications to footnote 1 (as underlined) and added paragraph (l), which are noted here for clarity and transparency. Debtor's Counsel shall serve a copy of this Order on all interested parties in the related adversary proceedings that do not receive service in the main case via CM/ECF.

11

BY THE COURT:

Dated: 9/18/20

_____
GREGORY L. TADDONIO hct
UNITED STATES BANKRUPTCY COURT

**CONSENTED TO:**

/s/ Donald R. Calaiaro
Donald R. Calaiaro, Esq. PA I.D. No. 27538
CALAIARO VALENCIK
938 Penn Avenue, Suite 501
Pittsburgh, PA 15222-3708
(412) 232-0930
dcalaiaro@c-vlaw.com
*Counsel for Majestic Hills, LLC*

/s/ John M. Steiner
John M. Steiner, Esq. (PA ID 79390)
jsteiner@leechtishman.com
525 William Penn Place, 28th Floor
Pittsburgh, Pennsylvania 15219
(412) 261-1600
*Counsel to the Official Committee of Unsecured Creditors of Majestic Hills, LLC*

/s/ Melvin L. Vatz
Melvin L. Vatz, Esq. PA. I.D. #23655
247 Fort Pitt Blvd., 4th Floor
Pittsburgh, PA 15222
mvatz@vatzlaw.com
phone: 412-391-3030
fax: 412-281-9509
*Counsel for Joseph DeNardo, Shari DeNardo and JND Properties, LLC*

/s/ Russell D. Giancola
Russell D. Giancola Pa. I.D. No. 200058
Porter Wright Morris & Arthur LLP
6 PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500
rgiancola@porterwright.com
*Counsel for NVR, Inc. d/b/a Ryan Homes and North Strabane Township*

/s/ Henri Marcel
Henri Marcel, Esquire
Identification No.: 84066
1601 Market Street, Suite 3400
Philadelphia, PA 19103-2301
(215) 587-9400/ (215) 587-9456 – FAX
hmarcel@dmvlawfirm.com
*Counsel for Pennsylvania Soil and Rock Incorporated & Mark Brashear*

12

*/s/ Dennis J. Geis*
Dennis J. Geis, Jr., Esquire PA I.D. No. 83734
dgeis@margolisedelstein.com
Henry W. Oliver Building, Suite 1100
535 Smithfield Street
Pittsburgh, PA 15222
Main: 412-281-4256
Direct: 412-355-4998
Fax: 412-642-2380
*Counsel for Alton Industries, Inc.*

*/s/ Catherine S. Loeffler*
Catherine S. Loeffler PA ID No. 311667
loefflercs@hh-law.com
Houston Harbaugh, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
(412) 281-5060
*Counsel for Creditor, Morris Knowles & Associates, Inc.*

*/s/ Marjorie A. Marrotta*
Marjorie A Marrotta, Esquire PA ID #88308
Brzustowicz & Marrotta, PC
4160 Washington Road, Suite 208
McMurray, PA 15317
bmmlaw@brzmar.com
724-942-3789
*Counsel for Strnisha Excavation, Inc.*

*/s/ Mark Reilly*
Mark Reilly, Esquire PA ID #53549
710 Fifth Avenue, Suite 2000
Pittsburgh, PA  15219
mark@pioneerls.com
412-208-3000
*Counsel for Gateway Engineers*

*/s/ William J. Moorhead*
William J. Moorhead, Esquire PA ID: 52761
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Fax: (412) 562-1041
*Counsel for Parkridge Development LLC*

*/s/ Jacob C. Cohn*
Jacob C. Cohn, Esquire PA ID#54139
Gordon & Rees, LLP.
Three Logan Square
1717 Arch St, Suite 610
Philadelphia, PA 19103
jcohn@gordonrees.com
215-717-4004
*Counsel for Mutual Benefit Insurance Company*

*/s/ Dennis Chow*
Dennis Chow, Esquire PA ID #311166
Fowler Hirtzel McNulty & Spaulding, LLP
2000 Market Street, Suite 550
Philadelphia, PA 19103
dchow@fhmslaw.com
267-457-4570
*Counsel for Westfield Insurance Company*

*/s/ Jamie Lenzi*
*Jamie Lenzi, Esquire PA ID#51865*
Cipriani & Werner
650 Washington Road, Suite 700
Pittsburgh, PA 15228
jlenzi@c-wlaw.com
412-563-2500
*Counsel for Majestic Hills HOA*

*/s/ Brandon B. Rothey*
Brandon B. Rothey, Esquire Pa. I.D. #313591
bbr@muslaw.com
535 Smithfield Street, Suite 1300
Pittsburgh, Pennsylvania 15222-2315
TEL: (412) 456-2800
FAX: (412) 456-2864
*Counsel for Douglas E. Grimes and Suzanne M. Grimes*

*/s/ Thomas A. Steele*
Thomas A. Steele, Esquire PA ID #318541
Peacock Keller, LLP
95 West Beau Street, Suite 600
Washington, PA 15301
tsteele@peacockkeller.com
724-222-4520
*Counsel for Jeanne E. Hecht*

*/s/ Benjamin J. Steinberg*
Benjamin J. Steinberg, Esq. PA ID #308777
Myers Law Group LLC
17025 Perry Highway
Warrendale, PA 15086
benjamin@jpmyerslaw.com
724-778-8800
*Counsel for Christopher and Elizabeth Phillips*

*/s/ John Barton Cromer*
John Barton Cromer, Esq. PA ID #66773
Burke Cromer Cremonese
517 Court Place
Pittsburgh, PA 15219
jcromer@bccattorneys.com
412-904-3360
*Counsel for Jeffrey and Christine Swarek*

*/s/ John J. Heurich*
John J. Heurich, Esq. Pa. I.D. No. 317155
jheurich@lynchlaw-group.com
THE LYNCH LAW GROUP, LLC
Cranberry Professional Park
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
Tel: (724) 776-8000
Fax: (724) 776-8001
*Counsel for Brian and Jessica Sanders and Rajiv and Namrata Bhatt*

*/s/ Ryan R. Kennedy*
Ryan R. Kennedy, Esquire PA ID: 308304
The Mayers Firm, LLC
3031 Walton Road, Suite A330
Plymouth Meeting, PA 19462
Telephone: (610) 825-0300
Fax: (610) 825-6555
*Counsel for John & Diana McCombs*

15

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Case No.** 20-21595-GLT |
| | ) |
| Majestic Hills, LLC, | ) **Chapter** 11 |
| | ) |
| **Debtor,** | ) |
| _____ | ) |
| NVR, Inc. d/b/a Ryan Homes, | ) |
| **Plaintiff,** | ) **Adv. Pro. No.** 20-2084-GLT |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Douglas E. Grimes and | ) |
| Suzanne M. Grimes, | ) **Adv. Pro. No.** 20-2088-GLT |
| **Plaintiffs,** | ) |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Christopher Phillips and | ) |
| Elizabeth Phillips, | ) **Adv. Pro. No.** 20-2089-GLT |
| **Plaintiffs,** | ) |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Christopher Phillips and | ) |
| Elizabeth Phillips, | ) **Adv. Pro. No.** 20-2090-GLT |
| **Plaintiffs,** | ) |
| v. | ) |
| NVR, Inc. d/b/a Ryan Homes, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |
| Jeanne Hecht, | ) |
| **Plaintiff,** | ) **Adv. Pro. No.** 20-2091-GLT |
| v. | ) |
| Majestic Hills, LLC, *et al.*, | ) |
| **Defendants,** | ) |
| _____ | ) |

| Jeffrey Swarek and | ) | |
|---|---|---|
| Christine Swarek, | ) | **Adv. Pro. No.** 20-2092-GLT |
| **Plaintiffs,** | ) | |
| v. | ) | |
| Majestic Hills, LLC, *et al.*, | ) | |
| **Defendants,** | ) | |
| _____ | ) | |
| Brian Sanders, Jessica Sanders, | ) | |
| Rajiv Bhatt, and Namrata Bhatt, | ) | **Adv. Pro. No.** 20-2093-GLT |
| v. | ) | |
| NVR, Inc. d/b/a Ryan Homes, *et al.*, | ) | |
| **Defendants,** | ) | |
| _____ | ) | |
| North Strabane Township, | ) | |
| **Plaintiff,** | ) | **Adv. Pro. No.** 20-2094-GLT |
| v. | ) | |
| Majestic Hills, LLC, *et al.*, | ) | |
| **Defendants,** | ) | |
| _____ | ) | |

**EXHIBIT A TO ORDER REGARDING PRE-MEDIATION DISCOVERY AND THE STAYING OF PLEADINGS & DISCOVERY PENDING IN ADVERSARY PROCEEDINGS**

**LIST OF PARTIES ENTITLED TO ACCESS TO SECURE DROP BOX**

| NAME OF PARTY | EMAIL ADDRESS |
|---|---|
| Brandon Rothey | bbr@muslaw.com |
| Rob Dauer | red@muslaw.com |
| Frank Kosir | fk@muslaw.com |
| Zak Thomas | Zakarij.thomas@bipc.com |
| William J. Moorhead | william.moorhead@bipc.com |
| Thomas A. Steele | Thomas.Steele@peacockkeller.com |
| Doug Nolin | Doug.Nolin@peacockkeller.com |
| John M. Steiner | jsteiner@leechtishman.com |
| Jamie L. Lenzi | jlenzi@c-wlaw.com |
| Gerry Cipriani | gcipriani@c-wlaw.com |
| Mark Reilly | mark@pioneerls.com |
| Thomas H. Ayoob III | tom@pioneerls.com |
| Mathew Junker | mathewj@pioneerls.com |
| Ryan Cooney | rcooney@lampllaw.com |
| Robert Lampl | rlampl@lampllaw.com |
| Ben Steinberg | benjamin@jpmyerslaw.com |

| | |
|---|---|
| Chris Phillips | phillips.christopher@gmail.com |
| Catherine S. Loeffler | loefflercs@hh-law.com |
| Samuel H. Simon | ssimon@hh-law.com |
| Kathleen Gallagher | kgallagher@porterwright.com |
| Scott North | snorth@porterwright.com |
| Russell Giancola | rgiancola@porterwright.com |
| Robert A. Arcovio | rarcovio@margolisedelstein.com |
| DJ Geis | dgeis@margolisedelstein.com |
| Steve Plonski | splonski@margolisedelstein.com |
| Joe Mayers | jmayers@themayersfirm.com |
| Ryan Kennedy | rkennedy@themayersfirm.com |
| Melvin Vatz | mvatz@vatzlaw.com |
| Donald R. Calaiaro | dcalaiaro@c-vlaw.com |
| David Z. Valencik | dvalencik@c-vlaw.com |
| Christine D. Steere | csteere@dmvlawfirm.com |
| Henri Marcel | hmarcel@dmvlawfirm.com |
| Majorie Marotta | bmmlaw@brzmar.com |
| Paul Geer | pgeer@dgmblaw.com |
| Jason Peck | jpeck@dgmblaw.com |
| John Cromer | jcromer@bccattorneys.com |
| John Joseph Heurich | jheurich@lynchlaw-group.com |