FILED
9/18/20 11:11 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re*: | : | Case No. 20-21595-GLT |
| | : | |
| **MAJESTIC HILLS, LLC**, | : | Chapter 11 |
| | : | Related Dkt. No. 162 |
| *Debtor.* | : | |
| | : | |
| **MUTUAL BENEFIT INSURANCE CO.**, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Adv. Case No. 20-02112-GLT |
| | : | |
| **MAJESTIC HILLS, LLC.**, *et al.*, | : | |
| | : | |
| *Defendants*, | : | |
| | : | |
| **NVR, INC. d/b/a RYAN HOMES**, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Adv. Case No. 20-02084-GLT |
| | : | |
| **MAJESTIC HILLS, LLC.**, *et al.*, | : | |
| | : | |
| *Defendants*, | : | |
| | : | |
| **DOUGLAS E. GRIMES** and | : | |
| **SUZANNE M. GRIMES**, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Adv. Case No. 20-02088-GLT |
| | : | |
| **MAJESTIC HILLS, LLC.**, *et al.*, | : | |
| | : | |
| *Defendants*, | : | |

| | |
|---|---|
| **CHRISTOPHER PHILLIPS** and **ELIZABETH PHILLIPS,**  *Plaintiffs,*  v.  **MAJESTIC HILLS, LLC.,** *et al.*,  *Defendants,* | Adv. Case No. 20-02089-GLT |
| **CHRISTOPHER PHILLIPS** and **ELIZABETH PHILLIPS,**  *Plaintiffs,*  v.  **NVR, INC. d/b/a RYAN HOMES,** *et al.,*  *Defendants,* | Adv. Case No. 20-02090-GLT |
| **JEANNE E. HECHT**,  *Plaintiff*,  v.  **MAJESTIC HILLS, LLC.,** *et al.*,  *Defendants,* | Adv. Case No. 20-02091-GLT |

Case 20-21595-GLT   Doc 163   Filed 09/18/20   Entered 09/18/20 13:23:27   Desc Main
Document      Page 3 of 7


| | |
|---|---|
| **JEFFREY SWAREK** and **CHRISTINE SWAREK**, *Plaintiffs,* v. **MAJESTIC HILLS, LLC.,** *et al.*, *Defendants,* | Adv. Case No. 20-02092-GLT |
| **BRIAN SANDERS, JESSICA SANDERS, RAJIV BHATT,** and **NAMRATA BHATT**, *Plaintiffs,* v. **MAJESTIC HILLS, LLC.,** *et al.*, *Defendants,* | Adv. Case No. 20-02093-GLT |
| **NORTH STRABANE TOWNSHIP,** *Plaintiff,* v. **MAJESTIC HILLS, LLC.,** *et al.*, *Defendants,* | Adv. Case No. 20-02094-GLT |

## MEDIATION REFERRAL ORDER

**AND NOW**, this 18th day of September 2020, and upon the *Certification of Counsel* [Dkt. No. 161] filed by the parties indicating their consent to an order directing mediation, and in connection with the *Order: (I) Directing Mediation; (II) Establishing Mediation Plan and Procedures, Including Limited Pre-Mediation Discovery, and (III) Implementing a Stay of*

*Proceedings Pending Mediation* entered contemporaneously herein [Dkt. No. 162], it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED** as follows:

    1.    Pursuant to W.PA.LBR 9019-2, *et seq*, concerning the Mediation Process in Bankruptcy Cases, each of the following matters (together with all issues arising in or related thereto), are hereby referred to Mediation:

        a.    each of the above-referenced adversary proceedings; and

        b.    the following contested matters:

            *(1)*    *Motion for an Order (i) Approving the Assumption of the Settlement Agreement and Release Between the Debtor and Mutual Benefit Insurance Company, (ii) Approving the Sale of Certain Insurance Policies, and (iii) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies*, [Dkt. No. 10]; and

            *(2)*    *Motion for an Order (i) Approving the Assumption of the Settlement Agreement and Release Between the Debtor and Westfield Insurance Company, (ii) Approving the Sale of Certain Insurance Policies, and (iii) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies* [Dkt. No. 12].

    2.    The Honorable Thomas P. Agresti is hereby appointed as mediator of the within matter. Judge Agresti shall have full and complete authority to conduct the Mediation as he sees fit and may establish or modify all terms and conditions for the Mediation as he may deem appropriate in his discretion.

    3.    By agreeing to participate in the Mediation, the Parties shall not be deemed to have waived or to be estopped from raising any arguments or positions in any further litigation before this Court in the event the Mediation fails to completely resolve the dispute of the Parties.

    4.    Unless Judge Agresti directs otherwise, **on or before October 19, 2020**, the Parties shall submit a confidential "Position Summary" of their respective positions to Judge Agresti, with service on opposing Counsel/Party required. Summaries shall not exceed 10 pages

in length (excluding exhibits). To the extent any Parties have similar interests and positions, they may submit a joint Position Summary.

      5.      Unless Judge Agresti directs otherwise, **on or before October 19, 2020**, the Parties are encouraged to *jointly* submit any exhibits that may be necessary for the conference, but upon failure to do so, shall submit their respective exhibits.

      6.      All Counsel of Record for the Parties involved in the dispute being referred to Mediation, together with their respective clients, or representatives of the clients, shall attend the Mediation to be scheduled by Judge Agresti, without excuse. Although the Court's long-standing practice is to require in-person Mediation sessions, in consideration of the ongoing COVID-19 pandemic and the fluidity of local and state health directives, Judge Agresti is hereby accorded full discretion to determine the manner by which the Mediation will occur and how the Parties will attend and participate. Irrespective of the chosen method for Mediation – whether in person, video, or otherwise – all of the individuals required to attend the Mediation shall remain present during the Mediation and participate in the Mediation in good faith until Judge Agresti officially concludes the session, unless excused earlier by the Court, or by Judge Agresti, if due to sudden medical or other emergency on the eve or day of the Mediation. "Attendance" as used herein requires (1) clients/representatives and insurers possessing FULL AND COMPLETE PERSONAL AUTHORITY TO RESOLVE THE MATTER; and (2) appearance at all times during the Mediation.

      7.      The Parties are directed to cooperate fully with Judge Agresti in fulfilling his role under this appointment in, among other things, meeting with him personally or by phone to discuss and/or provide any background information he may feel necessary to effectively perform his duties prior to the time of the Mediation.

8.  **Except as to the matters referred to in Paragraphs 6 and 7 above,** any and all matters, including those incidental and related thereto, arising at any time out of the above referenced Mediation process shall remain confidential and shall not be subject to any disclosure by any of the Parties or Judge Agresti at any time, including but not limited to any pending or anticipated discovery, any future court appearances, hearings, or any other proceedings involving the subject or related litigation.  Subject to Judge Agresti's sole discretion in actually terminating the Mediation, so long as operating in good faith, any Party may at any time during said Mediation conference notify Judge Agresti (and the opposing Parties) of its desire to conclude the Mediation process without further hearing, following which time the identity of said Party shall remain confidential and undisclosed by Judge Agresti and the opposing Parties to the Court.  Upon conclusion of the Mediation, the Court will simply be notified that good faith attempts at Mediation were unsuccessful and a decision on the proceeding and any related matters should proceed before the Court in the normal course.

9.  In the event resolution of all or part of the outstanding issues occurs, then **within seven days of the conclusion of the Mediation, the Parties shall file a joint settlement motion** along with the appropriate order, which the Court shall immediately review and enter unless a need for hearing is apparent from the motion.

10. Any failure of the individuals referred to in Paragraphs 6 and 7 above, to comply with the requirements set forth in those paragraphs will be deemed, as a *per se* matter, to have not acted in good faith and thereby subject themselves to the imposition of sanctions after notice and hearing, which sanctions may include reprimand, monetary fine, including payment of all costs of the Mediation, and/or loss of an opportunity to present evidence at the time of trial on the matter.

11. **In the event the Mediation concludes without a final resolution, on or before seven days after the conclusion of the Mediation** (as officially announced by Judge Agresti), each Party shall file with the Court a **Certification** declaring that they have fully complied with the requirement to cooperate and act in good faith with full authority to settle the matter as well as the attendance requirement, all of which is referred to in Paragraphs 6 and 7 above, setting forth the identity and title of those who attended the Mediation. The requirements of this paragraph are not exclusive and without prejudice to the right of any Party to allege any claim of lack of good faith against another Party and seek appropriate sanctions and/or damages.

12. In the event Judge Agresti determines that the Parties are unable to resolve this matter after thoughtful, cooperative, and good faith efforts by all Parties, he will immediately notify the Court of such development and the matter will be referred back to the Court's docket to establish suitable discovery deadlines and trial dates as expeditiously as possible under the circumstances.

13. Except as otherwise set forth above, the "Mediation process" set forth and identified in the W.PA. LBR 9019-4 shall control all matters related to the foregoing Mediation.

14. Debtor's Counsel shall serve a copy of this Order on all interested parties in the related adversary proceedings that do not receive service in the main case via CM/ECF.

Dated: September 18, 2020

_____
**GREGORY J. TADDONIO**
**UNITED STATES BANKRUPTCY JUDGE**

Case administrator to mail to:
Debtor