Case 20-21595-GLT    Doc 412    Filed 03/08/21    Entered 03/08/21 12:09:35    Desc Main
Document      Page 1 of 3

FILED
3/8/21 11:56 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re*: | Case No. 20-21595-GLT |
| **MAJESTIC HILLS, LLC**, | Chapter 11 |
| *Debtor*. | Related to Dkt. No. 406 |

## ORDER GRANTING FURTHER ADJOURNMENT OF MEDIATION

The parties in this case have been actively participating in a mediation process since last autumn. In January, they engaged in three "long and intensive days of mediation" facilitated by the Honorable Thomas P. Agresti.[1] Although the parties were unable to achieve a resolution, Judge Agresti determined that further "consideration and discussion among the Parties" was advisable and hence he adjourned the mediation for two weeks rather than terminate it altogether.[2] At the parties' request, Judge Agresti further extended the adjournment through March 4, 2021.[3]

The Debtor, Majestic Hills, LLC, and the Official Committee of Unsecured Creditors of Majestic Hills, LLC (together, the "Moving Parties"), now seek to extend the adjournment by an additional two weeks.[4] The request is opposed by NVR, Inc. d/b/a Ryan Homes and North Strabane Township (together, the "Objecting Parties").[5] Based on the representations in the *Motion* and the absence of any other responses, it appears that aside from the Objecting

---

[1] *Mediation Order* dated January 22, 2021, Dkt. No. 352 (the "January 22 Order").

[2] Id. (adjourning the mediation through February 4, 2021).

[3] See *Mediation Order* dated February 3, 2021, Dkt. No. 357 (adjourning the mediation through February 18, 2021); *Mediation Order* dated February 18, 2021 [Dkt. No. 386] (adjourning the mediation through March 4, 2021). In his February 18, 2021 Order, Judge Agresti noted that one of the mediating parties informed him that it had not consented to the extension through February 18, but he was assured that all parties agreed to the extension through March 4, 2021.

[4] See *Joint Motion to Extend the Adjournment of the Mediation Nunc Pro Tunc*, Dkt. No. 406 (the "Motion").

[5] See *NVR, INC. and North Strabane Township's Opposition to Debtor and Committee of Unsecured Creditors' Joint Motion to Extend the Adjournment of Mediation Nunc Pro Tunc*, Dkt. No. 408 (the "Objection").

Parties, all other parties have consented to the adjournment.[6]

After reviewing the recent filings, the Court concludes that a further two-week adjournment of the mediation is warranted. The Objecting Parties argue that an extension will waste time and resources because it will not "lead to a resolution that protects NVR and the Township."[7] But the mediation is not solely about one faction. Over 20 different parties have engaged in the mediation effort and all but two consent to the extension. Although a global resolution is preferable, the ability to whittle away a portion of the dispute or the number of warring parties is still better than having no resolution at all. The Court therefore finds an extension to be appropriate if it can minimize the number of contested issues that impair the progress of this bankruptcy case. Furthermore, the Objecting Parties will not be harmed by a modest two-week extension of the mediation process.

To be sure, the *Motion* raises two concerns that merit additional comment. First, the Court expects the mediation to conclude in some form within the near future. By March 18, the parties will have had two months following their meetings with Judge Agresti to arrive at a potential resolution. By that time, the Court expects either finalized settlements or a strong showing that a material resolution is imminent. Simply stated, the mediation cannot continue indefinitely. Second, it is unclear why the Debtor and Objecting Parties were not communicating during the last extension. To the extent the parties seek an adjournment for the purpose of exploring settlement options, the Court expects communications to continue. And consistent with their duties to participate in the mediation in good faith, **all** sides are obligated to use the time provided to revisit and re-evaluate positions taken in earlier mediation sessions if they intend to achieve a lasting resolution of their dispute.

---

[6]    See *Motion* at ¶ 10.

[7]    See *Objection* at p. 4.

Based on the foregoing it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion is **GRANTED** as provided herein. The mediation is adjourned through March 18, 2021. In the event an appropriate proposal of settlement is not presented during that time, as of March 19, 2021, the Mediation shall terminate without further notice or hearing. The extension granted herein is *nunc pro tunc* to March 4, 2021.

2. All other terms of the *January 22 Order* remain in full force and effect.

Dated: March 8, 2021
cm: Debtor

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE