# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Case No. 20-21595-GLT |
| | : | |
| MAJESTIC HILLS, LLC, | : | Chapter 11 |
| | : | |
| Debtor. | : | Related Docket No. 10 |
| | : | |
| NVR, INC. and NORTH STRABANE TOWNSHIP, | : | Responses Due: April 9, 2021 |
| | : | Hearing Date: April 29, 2021, 10:30 am |
| Movants, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAJESTIC HILLS, LLC and MUTUAL BENEFIT INSURANCE COMPANY | : | |
| | : | |
| Respondents. | : | |

**AMENDED MOTION OF NVR, INC. AND NORTH STRABANE TOWNSHIP FOR ENTRY OF AN ORDER (A) SCHEDULING A HEARING ON DEBTOR'S MOTION FOR AN ORDER (I) APPROVING THE ASSUMPTION OF THE SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE DEBTOR AND MUTUAL BENEFIT INSURANCE COMPANY, (II) APPROVING THE SALE OF CERTAIN INSURANCE POLICIES, AND (III) ISSUING AN INJUNCTION PURSUANT TO THE SALE OF CERTAIN INSURANCE POLICIES; (B) DECLARING THAT NON-DEBTORS ARE NOT ENTITLED TO RELEASES ; AND (C) REQUIRING THE SETTLEMENT AMOUNT BE PAID DIRECTLY TO HOMEOWNERS**

NVR, Inc. d/b/a Ryan Homes ("**NVR**") and North Strabane Township ("**Township**," and together with NVR, collectively, "**Movants**"), by and through their undersigned counsel, respectfully move this Court for the entry of an Order (i) scheduling a hearing on *Debtor's Motion for an Order (I) Approving the Assumption of the Settlement Agreement and Release Between the Debtor and Mutual Benefit Insurance Company . . .* (Doc. 10) (the "**Mutual Benefit Settlement Motion**") to occur on the earliest date that is convenient to the Court; (ii) declaring that non-debtors, who are additional insureds under the insurance policy issued by Mutual Benefit Insurance

Company ("**Mutual Benefit**"), are not entitled to be released from future litigation claims and that holders of claims against such non-debtors are not enjoined from asserting claims against them; and (iii) requiring Mutual Benefit to pay the amount of $950,000 directly to the Homeowners, pro rata. In support of this Motion, Movants state as follows:

1. The Debtor commenced this case on May 21, 2020 (the "**Petition Date**"), by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Although it has no meaningful assets, business operations, income, or revenue—and has not for years—Debtor continues at present as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to ceasing operations, the Debtor contracted with Movant NVR to develop the land at the Majestic Hills subdivision located in North Strabane Township (the "**Property**"). However, the Debtor, and its affiliated persons and entities, failed to perform its duty to properly grade and develop the earthwork at the Property, which caused ongoing and catastrophic earth movement and landslides to occur over a period of years. As a result, among other things, several homes in the subdivision were damaged and/or condemned, a road collapsed, another road was damaged, and a sewer line is in danger of failing. Consequently, Movants and the Homeowners have suffered millions of dollars in damages.

3. Although the Debtor was the developer of the Property, it is believed that Joseph N. DeNardo and Shari DeNardo (collectively, the "**DeNardos**"), through their common ownership and control, operated the Debtor and another entity, JND Properties, LLC ("**JND**"), as alter egos of each other. In fact, JND and/or Joseph DeNardo, not the Debtor, engaged many of the subcontractors for the development. Further, upon information and belief, the Debtor, the DeNardos, and JND failed to adhere to corporate formalities with respect to the Debtor, they kept

2

the Debtor undercapitalized, and they substantially intermingled their assets and affairs.

4. The Debtor is the subject of an enforcement action by the Pennsylvania Department of Environmental Protection ("**DEP**") for repeated violations of DEP orders. The Debtor is also the subject of a petition for an injunction by Movant North Strabane to enjoin the Debtor from failing to remedy the threat its acts and omissions have caused to a municipal sewer line that services hundreds of homes.

5. Prior to the Petition Date, at least seven lawsuits were filed against the Debtor in Pennsylvania state and federal courts, including lawsuits initiated by homeowners whose homes were damaged and/or destroyed (collectively, the "**Homeowners**"); NVR; the Township and Mutual Benefit. Those pre-petition cases have been removed to the Court and are pending as adversary Proceedings (the "**Adversary Proceedings**").

6. The Debtor's stated purpose for filing this chapter 11 case was to resolve current and future litigation claims that have been or may be filed against it with respect to its work as developer of the land at the Property.

7. On the Petition Date, the Debtor filed the Mutual Benefit Settlement Motion (among other pleadings) requesting: (i) approval of a settlement agreement it had entered into with Mutual Benefit pre-petition (the "**Settlement Agreement**"), (ii) approval of a sale of the policy issued by Mutual Benefit (the "**Policy**") back to Mutual Benefit in exchange for $950,000.00; and (iii) the issuance of an injunction enjoining creditors from bringing any future claims against Mutual Benefit and certain non-debtor affiliates and/or insiders of the Debtor, including the DeNardos, JND, Parkridge Development, LLC and Ashwood Commons, LLC and Ashwood Land Partners, L.P. (collectively, the "**Other Insureds**"), who are named as additional insureds under the Policy.

3

8. By its own terms, the Settlement Agreement states that it is anticipated that $900,000 of the amount "shall be used and disbursed for resolution of all claims against Majestic, and $50,000 shall be used and disbursed for administrative costs or creditor distribution…" By its own terms, the Settlement Agreement can be terminated by the parties to it beginning May 21, 2021.

9. Movant North Strabane, through contracts, would be a direct financial beneficiary of the Mutual Benefit policy proceeds.

10. Numerous objections to the Mutual Benefit Settlement Motion were filed, including by Movants, the DEP, certain of the Homeowners, and certain contractors the Debtor utilized to complete the Development.

11. Thereafter, on September 18, 2020, this Court entered an Order (Doc. 163) referring to the following matters to mediation: (i) the Mutual Benefit Settlement Motion, (ii) a similar motion to approve a settlement agreement with Westfield Insurance Company (the "**Westfield Settlement Motion**"), and (iii) the Adversary Proceedings.

12. The mediation took place between January 19, 2021 and January 22, 2021. The mediation was subsequently adjourned four times to give the parties additional time to work toward a global resolution—or any resolution—of the motions and the Adversary Proceedings. Despite the past two months of effort geared toward resolution, mediation has again failed. No resolution among the parties has been reached. This marks the third time that efforts at a mediated global resolution failed.

**RELIEF REQUESTED**

13. By this Motion, Movants request the entry of an Order (ii) scheduling the Mutual Benefit Settlement Motion for hearing at the Court's earliest convenience; (ii) declaring that the

Other Insureds are not entitled to the benefit of the injunction described in the Mutual Benefit Settlement Motion and/or Mutual Benefit Settlement Agreement or to be released from any current or future litigation claims; and (iii) requiring Mutual Benefit to pay the amount of $950,000 directly to the Homeowners, pro rata, instead of to fund a liquidation trust.

14. In light of the failed mediation and the discussions that have occurred in the interim, Movants submit that the settlement amount Mutual Benefit has agreed to pay under the Settlement Agreement –i.e., $950,000 is reasonable so long as the Other Insureds are not afforded the benefit of the improper releases and the injunction that are described in the Mutual Benefit Settlement Motion and/or the Settlement Agreement. The Other Insureds likely have significant liability for the damages sustained by the Homeowners, Movants and others related to the work done at the Property. Yet, none of the Other Insureds has agreed to make any contribution that would justify the releases and injunction the Debtor is seeking in the Mutual Benefit Settlement Motion and/or that it agreed to obtain as a condition of Mutual Benefit's obligation to pay pursuant to the Settlement Agreement.

15. Further, Movants request that the $950,000 that Mutual Benefit has agreed to pay pursuant to the Settlement Agreement be distributed directly to the Homeowners instead of being used to fund a liquidation trust that will be described further in a plan to be proposed by the Debtor. At this point, the administrative expenses that have been incurred and that continue to be incurred by the Debtor now exceed $700,000. The Debtor has no ability to pay those expenses. It has no business operations, no income and no meaningful assets. Thus, there is a very good chance this case does not survive in chapter 11 much longer. Thus, the settlement amount should not be used to fund a liquidation trust and be used to pay the costs and expenses of this case. Such amount should be paid directly to those who have been damaged most severely by the Debtor's actions

and for whose benefit the Policy was obtained.

16.     As stated above, by its own terms the Settlement Agreement specifically states that $900,000 "shall be used and disbursed for resolution of all claims against [the Debtor], and $50,000 shall be used and disbursed for administrative cost or creditor distribution…" Thus, the settlement proceeds from Mutual Benefit cannot, and were not intended to, pay for the expenses of this case. The vast majority of the claims filed in this case by parties other than members of the Homeowners include, at least in part, claims for indemnification or contribution from the Debtor for potential liability to the Homeowners. Therefore, the Movants submit, that direct payment of the settlement proceeds to the Homeowners is in the best interest of all creditors.

## RESERVATION OF RIGHTS

17.     Movants expressly reserve the right to seek dismissal of this chapter 11 case, object to any plan that might be filed by the Debtor, and/or seek a declaration that the proceeds of the Policy and any other insurance policy held by the Debtor are not property of the estate.

WHEREFORE, based upon all of the foregoing, Movants respectfully request the entry of and Order (a) scheduling a hearing on the Mutual Benefit Settlement Motion to occur on the earliest date that is convenient to the Court; (b) declaring that the Other Insureds under the Policy are not entitled to be released from future litigation claims and that holders of claims against the Other Insureds are not enjoined from asserting any claims they may have against the Other Insureds; (iii) requiring Mutual Benefit to pay the amount of $950,000 directly to the Homeowners, pro rata; and (iv) granting such other and further relief to the Movants as the Court finds just and proper under the circumstances.

| | |
|---|---|
| Dated: March 23, 2021 | Respectfully Submitted,<br><br>/s/ *Kathleen A. Gallagher*<br>Kathleen A. Gallagher<br>Pa. I.D. No. 39750<br>Russell D. Giancola<br>Pa. I.D. No. 200058<br>**PORTER WRIGHT MORRIS & ARTHUR LLP**<br>6 PPG Place, Third Floor<br>Pittsburgh, PH 15222<br>(412) 235-4500<br>kgallagher@porterwright.com<br>rgiancola@porterwright.com<br><br>*Counsel for NVR, Inc., d/b/a Ryan Homes and North Strabane Township* |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Case No. 20-21595-GLT |
| | : | |
| MAJESTIC HILLS, LLC, | : | Chapter 11 |
| | : | |
| Debtor. | : | Related Docket No. 10 |
| | : | |
| NVR, INC. and NORTH STRABANE TOWNSHIP, | : | |
| | : | |
| Movants, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAJESTIC HILLS, LLC and MUTUAL BENEFIT INSURANCE COMPANY | : | |
| | : | |
| Respondents. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record via the Court's CM/ECF electronic filing system.

Respectfully Submitted,

/s/ *Kathleen A. Gallagher*
Kathleen A. Gallagher

*Counsel for NVR, Inc., d/b/a Ryan Homes and North Strabane Township*

14332280v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Case No. 20-21595-GLT |
| MAJESTIC HILLS, LLC, | Chapter 11 |
| Debtor. | Related Docket No. 10 |
| | |
| NVR, INC. and NORTH STRABANE TOWNSHIP, | |
| Movants, | |
| vs. | |
| MAJESTIC HILLS, LLC and MUTUAL BENEFIT INSURANCE COMPANY | |
| Respondents. | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the Amended Motion of NVR, Inc. and North Strabane Township for Entry of an Order (A) Scheduling a Hearing on Debtor's Motion for an Order (I) Approving the Assumption of the Settlement Agreement and Release Between the Debtor and Mutual Benefit Insurance Company, (II) Approving the Sale of Certain Insurance Policies, and (III) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies; (B) Declaring that Non-Debtors are not Entitled to Releases; and (C) Requiring the Settlement Amount Be Paid Directly to Homeowner, IT IS HEREBY ORDERED THAT the Motion is **GRANTED**.

The Court will hold a hearing on Debtor's Motion on _____, at _____.

IT IS FURTHER ORDERED that:

(1) the Other Insureds under the Policy are not entitled to be released from future litigation claims and that holders of claims against the Other Insureds are not enjoined from asserting any claims they may have against the Other Insureds; and

(2) Mutual Benefit shall pay the amount of $950,000 directly to the Homeowners, pro rata.

BY THE COURT:

_____