IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 20-21595 – GLT |
| MAJESTIC HILLS, LLC, | Chapter 11 |
| Debtor. | Related Docket Nos. 10, 431 |
| | Responses Due: April 9, 2021 |
| NVR, INC. and NORTH STRABANE TOWNSHIP, | Hearing Date: April 29, 2021, 10:30 a.m. |
| Movants | |
| v. | |
| ALTON INDUSTRIES, INC. | |
| Respondent. | |

**RESPONSE OF ALTON INDUSTRIES, INC. TO MOTION OF NVR, INC. AND NORTH STRABANE TOWNHIP TO (A) SCHEDULE A HEARING ON DEBTOR'S MOTION FOR AN ORDER (I) APPROVING THE ASSUMPTION OF THE SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE DEBTOR AND MUTUAL BENEFIT INSURANCE COMPANY, (II) APPROVING THE SALE OF CERTAIN INSURANCE POLICIES, AND (III) ISSUING AN INJUNCTION PURSUANT TO THE SALE OF CERTAIN INSURANCE POLICIES; (B) DECLARING THAT NON-DEBTORS ARE NOT ENTITLED TO RELEASES; AND (C) REQUIRING THE SETTLEMENT AMOUNT BE PAID DIRECTLY TO HOMEOWNERS**

AND NOW, comes ALTON INDUSTRIES, INC. ("Alton"), a creditor in the above-captioned bankruptcy, by and through its undersigned counsel, and files the within Response, and in support thereof, avers as follows:

1. The averments of paragraph 1 are admitted in part and denied in part. It is admitted that the Debtor commenced this case on May 21, 2020 seeking relief under chapter 11, title 11 of the United States Code. It is admitted that the Debtor continues at present as a debtor-in-possession. It is denied Debtor has no meaningful assets, as the Debtor has substantial insurance assets, as described in the moving parties' motion.

2. The averments of paragraph 2 are admitted in part and denied in part. It is admitted that Debtor and NVR contracted to develop land in the Majestic Hills subdivision which is located in North Strabane Township (the "Property"). It is further admitted that landslides occurred at the Property causing damage to several homes, a road collapse and other damages. The remaining averments are denied.

3. The averments of paragraph 3 are contested issues of fact which have not been conclusively established or proven by the moving parties. Moreover, the parties have had only limited discovery into these issues. Finally, even if true, it is denied that this fact would support the moving parties' motion.

4. The factual averments of paragraph 4 are admitted but it is denied that this fact supports the request for relief sought by the moving parties.

5. The averments of paragraph 5 are admitted.

6. To the extent the averments of paragraph 6 attempt to characterize, summarize, paraphrase or take out of context the contents of Debtor's filings said averments are denied insofar as the filings are documents which speak for themselves.

7. To the extent the averments of paragraph 7 attempt to characterize, summarize, paraphrase or take out of context the Debtor's Mutual Benefit Settlement Motion said allegations are denied insofar as the Mutual Benefit Settlement Motion is a document which speaks for itself. To the extent the cited language is consistent with the Mutual Benefit Settlement Motion those allegations are admitted. To the extent the cited language is inconsistent with the Mutual Benefit Settlement Motion those allegations are denied.

8. To the extent the averments of paragraph 8 attempt to characterize, summarize, paraphrase or take out of context the Settlement Agreement said allegations are denied insofar as

the Settlement Agreement is a document which speaks for itself. To the extent the quoted language is consistent with the Settlement Agreement those allegations are admitted. To the extent the cited language is inconsistent with the Settlement Agreement those allegations are denied.

9. Denied. North Strabane Township has no direct right of recovery from the Debtor's insurers. Under Pennsylvania law, the legal the duty of an insurance company runs only to its insured, not to third parties who are not a party to the contract. *Hicks v. Saboe*, 521 Pa. 380, 555 A.2d 1241, 1243 (Pa. 1989). The Movants have produced no evidence demonstrating that they are parties to the Mutual Benefit or Westfields policies.

10. It is admitted that objections were filed to the Mutual Benefit Settlement Motion by the parties identified. The resolution of these objections and the approval of the insurance settlement motions are presently being held in abeyance pursuant to the Court's Case Management Order entered March 31, 2021 [Dkt 446].

11. The averments of paragraph 11 are admitted.

12. The averments of paragraph 12 are generally admitted; however, it is further submitted that substantial progress toward a resolution has been made as a result of the mediation efforts.

13. Alton requests that the relief requested by Movant should be DENIED in its entirety for multiple reasons including, but not limited to,:

    a. Movants have cited to no authority in support of their requested relief and, in fact, their motion is inconsistent with the Bankruptcy Code and the Case Management Order issued in this matter, as described more fully in the Objections filed by the Debtor [Dkt 454].

    b. Movants lack standing to seek the relief requested in their Motion. Movants have no standing to assert rights vis a vis the Debtor's polices of insurance issued by Mutual

Benefit. Movants are not insureds under the Mutual Benefit policies issued to the Debtor. Movants have no standing to direct how Mutual Benefit's policies issued to the Debtor should be allocated.

        c.      Movants' motion is premature. The Mutual Benefit Settlement Motion and supporting Settlement Agreement has not been approved by the Court. The Motion to approve the Mutual Benefit Motion has been stayed thereby prohibiting interested parties, including Alton, from asserting objections or seeking a ruling on the merits of the Motion. In addition, Movants' motion is an improper *sub rosa* plan, which is prohibited for the reasons described more fully in the Objections filed by the Debtor [Dkt 454].

        d.      The relief requested by Movants would elevate the claims of one group of creditors (the Homeowners) over other creditors affording them preferential treatment. While it is admitted that the Homeowners may ultimately be afforded preferential treatment on an equitable basis, that determination should be addressed in the Plan confirmation and not by the instant Motion.

        e.      Movants motion is a thinly disguised effort to defeat the Debtor's proposed Plan in advance of this Court's consideration of Plan objections with the intended goal of stripping creditors such as Alton of the benefits of the proposed Plan releases and injunctive relief without legal or factual support.

14.    The averments of paragraph 14 are denied for the reasons stated in paragraph 13, above.

15.    The averments of paragraph 15 are denied for the reasons stated in paragraph 13, above.

16.    The averments of paragraph 16 are denied for the reasons stated in paragraph 13, above.

17.    Paragraph 17 contains improper requests for relief that should be made by separate motion(s) at the appropriate time.

WHEREFORE, Respondent Alton Industries, Inc. requests that the Motion be denied in all respects.

Dated: April 9, 2021                                             Respectfully submitted,

                                                                 MARGOLIS EDELSTEIN

                                     By:        */s/ Robert A. Arcovio*
                                                 ROBERT A. ARCOVIO, ESQUIRE
                                                 PA I.D. No. 30649
                                                 rarcovio@margolisedelstein.com

                                                 DENNIS J. GEIS, JR., ESQUIRE
                                                 PA I.D. No. 83734
                                                 dgeis@margolisedelstein.com

                                                 STEPHEN P. PLONSKI, ESQUIRE
                                                 PA I.D. No. 85073
                                                 splonski@margolisedelstein.com

                                                 Henry W. Oliver Building, Suite 1100
                                                 535 Smithfield Street
                                                 Pittsburgh, PA 15222
                                                 Main:  412-281-4256
                                                 Direct: 412-355-4997
                                                 Fax:   412-642-2380
                                                 *(Counsel for Alton Industries, Inc.)*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 20-21595 – GLT |
| MAJESTIC HILLS, LLC, | Chapter 11 |
| Debtor. | Related Docket Nos.  10, 431 |
| | Responses Due:  April 9, 2021 |
| NVR, INC. and NORTH STRABANE TOWNSHIP, | Hearing Date:  April 29, 2021, 10:30 a.m. |
| Movants | |
| v. | |
| ALTON INDUSTRIES, INC. | |
| Respondent. | |

**CERTIFICATE OF SERVICE OF RESPONSE OF ALTON INDUSTRIES, INC. TO MOTION OF NVR, INC. AND NORTH STRABANE TOWNHIP TO (A) SCHEDULE A HEARING ON DEBTOR'S MOTION FOR  AN ORDER (I) APPROVING THE ASSUMPTION OF THE SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE DEBTOR AND MUTUAL BENEFIT INSURANCE COMPANY, (II) APPROVING THE SALE OF CERTAIN INSURANCE POLICIES, AND (III) ISSUING AN INJUNCTION PURSUANT TO THE SALE OF CERTAIN INSURANCE POLICIES; (B) DECLARING THAT NON-DEBTORS ARE NOT ENTITLED TO RELEASES; AND (C) REQUIRING THE SETTLEMENT AMOUNT BE PAID DIRECTLY TO HOMEOWNERS**

I certify under penalty of perjury that I served the above-captioned pleading on the parties at the addresses specified below or on the attached list on April 9, 2021.

**See Attached List.**

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service.  For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

Dated: April 9, 2021                        Respectfully submitted,

                                                 MARGOLIS EDELSTEIN

By:       */s/ Robert A. Arcovio*
                ROBERT A. ARCOVIO, ESQUIRE
                PA I.D. No. 30649
                rarcovio@margolisedelstein.com

                DENNIS J. GEIS, JR., ESQUIRE
                PA I.D. No. 83734
                dgeis@margolisedelstein.com

                STEPHEN P. PLONSKI, ESQUIRE
                PA I.D. No. 85073
                splonski@margolisedelstein.com

                Henry W. Oliver Building, Suite 1100
                535 Smithfield Street
                Pittsburgh, PA 15222
                Main: 412-281-4256
                Direct: 412-355-4997
                Fax: 412-642-2380
                *(Counsel for Alton Industries, Inc.)*