Case 20-21595-GLT    Doc 554    Filed 08/06/21    Entered 08/06/21 13:47:15    Desc Main
Document      Page 1 of 3

FILED
8/6/21 12:43 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 20-21595-GLT |
| | : | |
| **MAJESTIC HILLS, LLC**, | : | Chapter 11 |
| | : | |
| *Debtor*. | : | Related to Dkt. Nos. 10, 12, 544, 546, |
| | : | 548, and 550 |

## ORDER ESTABLISHING
## EVIDENTIARY HEARING PROCEDURES

Upon consideration of the Debtor's *Settlement Motions,*[1] its *Third Amended Chapter 11 Plan Dated July 26, 2021* (the "Plan"),[2] and the *Order (I) Approving Disclosure Statement; (II) Setting Deadlines; and (III) Scheduling Hearing on Plan Confirmation*,[3] it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. An evidentiary hearing to consider the *Settlement Motions* and confirmation of the *Plan* is set for **September 27, 2021** at **10 a.m.** (and will continue through September 28, 2021, to the extent necessary) in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, PA 15219. As an evidentiary hearing, witnesses will be required to attend in person. All parties appearing in the courtroom will be required to adhere to existing Court protocols regarding the use of facemasks.

2. The parties are encouraged to present direct testimony by way of affidavit if possible. To the extent a party elects to introduce direct testimony by way of affidavit or

---

[1] *Debtor's Motion for an Order (I) Approving the Assumption of the Settlement Agreement and Release Between the Debtor and Mutual Benefit Insurance Company, (II) Approving the Sale of Certain Insurance Policies, and (III) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies*, Dkt. No. 10 and *Debtor's Motion for an Order (I) Approving the Assumption of the Settlement Agreement and Release between the Debtor and Westfield Insurance Company, (II) Approving the Sale of Certain Insurance Policies, and (III) Issuing an Injunction Pursuant to the Sale of Certain Insurance Policies*, Dkt. No 12 (the "Settlement Motions").

[2] Dkt. No. 544.

[3] Dkt. No. 550.

unsworn declaration pursuant to 28 U.S.C. § 1746, the parties shall meet and confer prior to the scheduled trial date and resolve any evidentiary objections with respect to any such affidavit or declaration. To the extent a party desires to cross-examine any witness testifying by way of affidavit or declaration, such witness must be produced at trial for cross-examination.

        3.        The Debtor and any objecting parties shall meet and confer to discuss a resolution of any objections to the *Plan* or to the *Settlement Motions*, and shall cooperate in the preparation of the joint reports referenced in ¶ 4(a), as well as the exchange of all documents incidental and related to the matters at issue.

        4.        On or before **September 17, 2021**:

        a.        The parties shall jointly file (i) a *Joint Exhibit List(s)* identifying all exhibits each party will offer at the evidentiary hearing, including one list for *Plan* confirmation and another for the *Settlement Motions*; and (ii) a *Stipulation(s) of Facts* identifying all undisputed facts on which the Court may rely when rendering its decision. Objections to an exhibit must be referenced on the corresponding *Joint Exhibit List*. Exhibits that do not have an objection listed on the *Joint Exhibit List* will be admitted without further testimony. Any objections identified on the *Joint Exhibit List* will be resolved by the Court prior to the admission of the contested exhibit. No documents other than those listed as proposed exhibits on the *Joint Exhibit List* will be admitted at the time of the evidentiary hearing unless counsel shows cause for their prior nondisclosure. The mere inability to timely locate documents shall not constitute cause.

        b.        Each party shall separately file the following documents related to the presentation of their case: (i) a witness list; (ii) all exhibits proposed to be introduced at trial; (iii) all expert reports, if any; and (iv) a pretrial memorandum identifying any issues of law and contested issues of fact.

        c.        Each party shall provide the Court with three courtesy copies of both

sets of their exhibits in three-ring binders, with each exhibit separately tabbed.[4] To the extent exhibits for the *Settlement Motions* and the *Plan* can be separately compiled, the parties are encouraged to do so. Each exhibit page contained in the binder shall be consecutively numbered (*i.e.*, Bates stamped) in the lower right hand corner of each page of the collective exhibit documents, from the first page to the last page, independent of any exhibit identification numbers previously placed on a respective exhibit. The Debtor shall identify its exhibits by letter, and the objecting parties shall identify their exhibits by number.

       5.    In addition to the instructions set forth in this *Order*, the parties shall comply with the Court's *General Procedures* (as set forth on its webpage at http://www.pawb.uscourts.gov/glt-proc.htm), including the pretrial forms provided therein.

       6.    The failure of any party to comply with the terms of this *Order* may result in the imposition of sanctions, including without limitation the prohibition against such party from offering testimony at the evidentiary hearing and/or the entry of judgment against them.

       7.    The Debtor shall serve a copy of this *Order* on all parties in interest and shall file a certificate of service within three (3) business days.

Dated: August 6, 2021

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case Administrator to mail to:
Debtor
Office of the U.S. Trustee

---

[4] Counsel shall be expected to provide additional copies to opposing counsel. The binders shall be D-Ring binders and the spine of the binders shall not exceed three inches.