# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 20-21595-GLT |
| Majestic Hills, LLC, | ) |
|     **Debtor,** | ) **Chapter** 11 |
| Majestic Hills, LLC, | ) |
|     **Movant,** | ) **Hearing Date:** 09/09/21 @ 10:30 a.m. |
|     vs. | ) **Response Due:** 08/30/21 |
| Parkridge Development, LLC, | ) |
|     **Respondent.** | ) **Document No.** |

## ORDER APPROVING THE SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE DEBTOR AND PARKRIDGE DEVELOPMENT, LLC

Upon the *Debtor's Motion for an Order Approving the Settlement Agreement and Release between the Debtor and Parkridge Development, LLC,*[1] and the Court having reviewed the Motion and the Parkridge Settlement Agreement; and having heard the statements of counsel at the hearing on the Motion; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) Notice of the Motion and the hearing thereon was sufficient under the circumstances; and (iii) the legal and factual bases set forth in the Motion and the Parkridge Settlement Agreement establish just cause for the relief granted herein;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Any and all objections to the Motion and to the relief requested therein and/or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

---

[1] As used in this order, "Parkridge" means Parkridge Development, LLC and its predecessors, successors, subsidiaries, affiliates, directors, officers, and representatives, including, without limitation. Other capitalized terms used but not defined in this order have the meanings given in the Motion.

3. Pursuant to Bankruptcy Rule 9019, the Settlement Agreement and each of its terms and conditions, including the releases contained therein, shall be, and hereby are, approved in their entirety as an Order of this Court.

4. The Debtor shall be, and hereby is, authorized to undertake any transactions contemplated by the Parkridge Settlement Agreement that remain uncompleted as of the date of this Order.

5. Upon the occurrence of the Payment Date, Parkridge and the Parkridge Released Parties shall be irrevocably released from all claims by the Debtor, as well as any other person claiming by, through, or on behalf of the Debtor, or any holder of any Claim against the Debtor under, arising out of, related to, and/or in connection with any claims against it as a member or officer of the Debtor, or any other party to the Majestic Hills Claim, all extra-contractual claims arising out of, related to the Debtor or its business, including, but not limited to, all rights and interests of the Debtor, whether arising prior to or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, any party's claim that purport to give any right or option to effect any forfeiture, modification, or termination of the interest of Parkridge).

6. Pursuant to Sections 105(a) all persons who hold or assert, or may in the future hold or assert, any claim against the Debtor or arising out of or in connection with the activities covered by Parkridge's insurance policies, or in connection with the Debtor's or any contractor's activities giving rise to claims made or to be made under otherwise entitled to any benefit under the policies, or otherwise released under Paragraph 5 of this Order or the Settlement Agreement, shall be and hereby are

permanently stayed, restrained, and enjoined from asserting any claim or right to entitlement, or taking any other action against Parkridge for the purpose of obtaining any recovery or other relief from Parkridge or under or in connection with its ownership of a membership interest or activities related to, for or on behalf of the Debtor.

7. The releases of Parkridge and the Parkridge Released Parties set forth herein and in the Parkridge Settlement Agreement comply with the Bankruptcy Code and applicable non-bankruptcy law.

8. The Debtor shall use the Settlement Payment to further its attempts to seek Plan confirmation as allowed by the Bankruptcy Code, to pay administrative expenses, and or payments under any conformed plan

9. This Order shall be binding upon the Debtor, all creditors or parties in interest who received notice of the Motion, all other persons and entities receiving notice as set forth in the Motion, the respective successors and assigns of each person referred to in this paragraph, and any Chapter 11 Trustee, Liquidating Trustee, or other trust or distribution vehicle established under a Chapter 11 Plan of the Debtor, and on any chapter 7 trustee if this Chapter 11 case is converted to a chapter 7 proceeding.

10. Each of the Parties hereby is authorized to take all actions and execute all documents and instruments that it deems necessary or appropriate to implement and effectuate the transactions contemplated by the Settlement Agreement.

11. Parkridge is not, and shall not be deemed to be, a successor to the Debtor by reason of any theory of law or equity or as a result of the consummation of the transactions contemplated in the Settlement.

12. This Court shall retain jurisdiction to interpret and enforce the provisions of the Settlement and this Order in all respects and further to hear and determine any and all disputes relating to the Parkridge Settlement Agreement between the Parties or between a Party and any other person; <u>provided</u>, <u>however</u>, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Parkridge Settlement or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter. In the event this Chapter 11 Case has been closed, there shall be cause to have this Chapter 11 Case reopened upon motion or application for such purposes.

13. Counsel for the Debtor shall serve a copy of this order on the Master Service List and file a certificate of service within three business days of entry of this order. Notice of the order by ECF or email shall constitute good and sufficient notice of the order.

Dated: _____ __, 2021

                                        _____
                                        **Honorable Gregory L. Taddonio**
                                        **United States Bankruptcy Judge**